ESTHER BRYANT,

        Plaintiff,

v.                                         CIVIL ACTION NO.  2:13-cv-19730

C. R. BARD, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are all remaining pretrial motions. All are ripe for adjudication.

## I.    Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 7,000 of which are in the C. R. Bard, Inc. MDL, MDL No. 2187. In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the

appropriate district for trial. To this end, I ordered the plaintiffs and defendant to each select 50 cases, which would then become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order ("PTO") # 102, No. 2:10-md-2187 [ECF No. 729]. This selection process was completed twice, creating two waves of 100 cases, Wave 1 and Wave 2. Thereafter, I entered orders on subsequent waves. Ms. Bryant's case was selected as a Wave 1 case by the plaintiffs. PTO # 118, No. 2:10-md-2187 [ECF No. 841].

## II.    Legal Standards

### a.  Summary Judgment

To obtain summary judgment, "the movant must show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In turn, to avoid summary judgment, the nonmovant must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### b.  Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

2

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as the plaintiff did here, I consult the choice-of-law rules of the state in which the implantation surgery took place. *See Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Bryant filed this case directly into the MDL; she was implanted with the device in Florida. Thus, the choice-of-law principles of Florida guide this court's choice-of-law analysis.

For tort claims, Florida generally applies the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). Under section 145 of the Restatement (Second) of Conflict of Laws, the court must apply the law of the state with the most significant relationship to the occurrence and the parties. Here, the plaintiff resides in Florida, and the product was implanted in Florida. Thus, I apply Florida's law.

## III. Discussion

### a. Bard's Motion to Strike Untimely Expert Report of William Porter, M.D. [ECF No. 79]

Bard has moved to strike the plaintiff's untimely expert report of Dr. William Porter. The plaintiff did not respond. The plaintiff did not disclose Dr. Porter as an expert witness; she did serve Dr. Porter's report on Bard but not until a month after the deadline set forth in Pretrial Order # 118. Under Rule 37(c), when a party fails to make an expert disclosure, "the party is not allowed to use that [expert] . . . to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c); *see also* Fed. R. Civ. P. 26(a). Two exceptions apply to this rule: "(1) when the failure to disclose is 'substantially justified,' and (2) when the nondisclosure is 'harmless.'" *S. States Rack and Fixture, Inc. v. Sherwin-Williams*, 318 F.3d 592, 596 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c)). The plaintiff has the burden of showing that the nondisclosure was substantially justified or harmless. *Id.* at 596. The court **FINDS** that the plaintiff has failed to carry her burden to show justification or harmlessness because the plaintiff

failed to respond to Bard's Motion to Strike. *Id.* at 597; *see also Printing Press, Ltd. v. Presstek*, Inc., No. 2:08-00080, 2009 WL 36505, at *2 (S.D. W. Va. 2009) (finding that the plaintiff failed to meet its burden under Rule 37(c) when it did not respond to the defendant's motion to strike). Thus, the general exclusion under Rule 37(c) applies. The defendant's Motion to Strike [ECF No. 79] is **GRANTED**.

### b. Bard's Motion for Summary Judgment [ECF No. 27]

Bard's Motion for Summary Judgment [ECF No. 27] is **GRANTED** as to the following conceded claims: manufacturing defect and breach of express and implied warranty.

For reasons appearing to the court, Bard's Motion for Summary Judgment [ECF No. 27] is also **GRANTED** as to the following claims: negligent inspection, marketing, labeling, packaging, and selling. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001); *See also Payne v. C. R. Bard, Inc.*, No. 6:11-cv-1582, 2014 WL 1887297, at *2 (M. D. Fla. 2014).

Bard contends that the plaintiff's claims for negligent inspection, packaging, marketing, and selling of the product fail for lack of evidence. The plaintiff argues that Bard misconstrues the nature of her negligence argument, and that her allegations regarding the inspection, marketing, labeling, packaging, and selling of

the product comprise part of her general negligence claim, rather than distinct theories of recovery. In short, the plaintiff asserts that Bard failed to adequately study or test its mesh products to determine if the products were adequately safe.

A review of the plaintiffs' Count I in the Master Complaint, Master Compl. ¶¶ 62–67, No. 2:10-md-2187 [ECF No. 199], reveals that the plaintiff asserted three distinct negligence theories under "Count I." The bulk of the Count I allegations make claims for negligent failure to warn and negligent design defect. The other negligence allegations posit that Bard was "negligent…in designing, manufacturing, marketing, labeling, packaging, and selling" the Align. *Id.* at ¶ 64. Thus, the plaintiff's concern that Bard is misconstruing the plaintiff's negligence claim are meritless; Bard simply chose to address the plaintiff's different theories of negligence separately. However, apart from reciting allegations that form the plaintiff's failure to warn and design defect claims, the plaintiffs do not offer sufficient support to create a genuine dispute that Bard breached a legal duty that caused the plaintiff's injuries in its "inspection, marketing, labeling, packaging, or selling" of the product. Accordingly, Bard's Motion on these points is **GRANTED.**

Bard also argues that the remainder of the plaintiff's claims must fail because she cannot prove medical causation. In response, the plaintiff points *only* to Dr. Porter's expert report to refute this argument. *See* Pl.'s Resp. to Mot. Summ. J. at 15 [ECF No. 73]. As I discussed in part(a), this report may not be used in the plaintiff's case in chief. Additionally, in Florida, "causation in medical device product liability

6

cases also often requires expert evidence." *Payne v. C. R. Bard*, No. 6:11-cv-1582-Orl-37GJK, 2014 WL 1887297, at *2–3 (S.D. Fl. May 12, 2014) (granting summary judgment on plaintiff's claims where the plaintiff lacked any expert opinion concerning causation). Because the plaintiff has not produced any evidence to show medical causation, Bard's Motion concerning all remaining claims is **GRANTED**.

### c. Bard's Motion for Partial Summary Judgment [ECF No. 25]

In Florida, "[a] defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." Fla. Stat. Ann. § 768.72(2). Because plaintiff cannot establish causation, she cannot carry her burden to show by clear and convincing evidence that Bard is personally guilty of intentional misconduct or gross negligence. Thus, the Motion for Partial Summary Judgment [ECF No. 25] is **GRANTED**.

## IV. Conclusion

The court **ORDERS** that:

- Bard's Motion to Strike Untimely Expert Report of William Porter, M.D. [ECF No. 79] is **GRANTED**.

- Bard's Motion for Summary Judgment [ECF No. 27] is **GRANTED**;

- Bard's Motion for Partial Summary Judgment [ECF No. 25] is **GRANTED**; and

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record

and any unrepresented party.

ENTER:     May 30, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE